UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EMMANUEL TYRONE BULL,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BEARD, Warden,<br><br>Respondent. | CIVIL NO. 13-CV-592 AJB (WVG)<br><br>ORDER<br><br>1) OVERRULING PETITIONER'S OBJECTIONS;<br><br>2) ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE;<br><br>3) DENYING PETITION FOR WRIT OF HABEAS CORPUS; and<br><br>4) DENYING A CERTIFICATE OF APPEALABILITY.<br><br>(Doc. Nos. 21, 16, and 1, respectively) |

On March 12, 2013, Petitioner Emmanuel Tyrone Bull ("Petitioner"), a California inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner alleges two grounds for relief: (1) deprivation of his procedural due process rights; and (2) subjection to cruel and unusual punishment. Respondent filed a Motion to Dismiss opposing any habeas relief (Doc. No. 8), and Petitioner filed a Response (Doc. No. 14). For the reasons set forth below, Petitioner's

objections are OVERRULED, and the Court ADOPTS Magistrate Judge William V. Gallo's Report and Recommendation ("R&R") in its entirety.

## I.   BACKGROUND

In 1992 a jury convicted Petitioner of Murder in the Second Degree (CAL. PENAL CODE § 187), Robbery (CAL. PENAL CODE § 212.5(b)), and Use of a Firearm During the Commission of a Felony (CAL. PENAL CODE § 12022.5 (a)). (Doc. No. 14 at 18.) Petitioner was sentenced to nineteen years to a life sentence. (Doc. No. 1 at 7;  Doc. No. 14 at 18.) Petitioner seeks habeas relief not from his initial convictions, but instead challenges a Rules Violation Report he incurred while in custody.

On April 6, 2012, Officer J. Alvarez filed a California Department of Corrections ("CDC") Form 128-A, documenting Petitioner's violation of Inmate Cell Standards (15 C.C.R. § 3064) and Operational Procedure 4006. (Doc. No. 1 at 51.) Inmates are required to "keep their quarters and surroundings neat, clean and sanitary.  Inmates may not alter their quarters or equipment without specific authorization to do so."   15 C.C.R. § 3064. Officer Alvarez reported that Petitioner's cell contained a "curtain made out of a State issued sheet . . . fastened to the bunk," which "impedes visibility into the cell and presents a hazard to Facility security and necessitates the Floor Officer to respond to the cell, disrupting the operation of the Housing Unit."  (*Id.*)  On April 13, 2012, Petitioner was notified of the CDC 128-A and a copy was placed into his C-File.  (*Id.* at 18:6–9; 51.)  On April 16, 2012, Petitioner filed an appeal pursuant to 15 C.C.R. § 3084, disputing the CDC 128-A filed against him.  (*Id.* at 45–48.)  On June 8, 2012, that appeal was denied because the record indicated the Officer "observed the violation."  (*Id.* at 49–50.)  This denial exhausted all of Petitioner's administrative remedies available with the California Department of Corrections and Rehabilitation ("CDCR").  (*Id.* at 50.)  On June 14, 2013, Petitioner attempted to appeal that denial because "[i]nterviewer P. Alaniz and the reviewer

G. J. Janda deliberately, maliciously, [and] arbitrarily acted to interview the wrong correctional officer J. Ortega, and improperly, unlawfully acted to rely on J. Ortega's report as evidence, who is not the reporting employee." (*Id.*)  On July 18, 2012, the CDCR Office of Appeals, acting as the third level of review, responded by advising Petitioner the appeal issue was considered exhausted at the second level of review.  (*Id*. at 44.)

Petitioner filed a Petition for Writ of Habeas Corpus in the California Superior Court, which was denied on October 25, 2012.  (*Id*. at 8.)  Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, which was denied on December 19, 2012. (*Id*. at 9.)  Petitioner filed a Petition for Writ of Habeas Corpus with the California Supreme Court, which was denied on February 13, 2013.  (*Id.*)

On March 12, 2013, having exhausted all of his state court remedies, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (*Id*.)  On May 20, 2013, Respondent moved for dismissal of the Petition under 28 U.S.C. § 2254, Rule 4, because the Petition's claims failed to invoke federal habeas corpus jurisdiction.  (Doc. No. 8.)  On August 23, 2013, Petitioner filed a Response in Opposition to the Motion to Dismiss. (Doc. No. 14.)  On August 26, 2013, Magistrate Judge Gallo issued an R&R recommending this Court deny Petitioner's Writ of Habeas Corpus in its entirety, (Doc. No. 13), but that R&R was withdrawn later the same day, (Doc. No. 15).  Two days later, on August 28, 2013, Magistrate Judge Gallo issued the operative R&R also recommending this Court deny Petitioner's Writ of Habeas Corpus in its entirety.  (Doc. No. 16.)  On October 28, 2013, the Court adopted the operative R&R in its entirety, granted Respondent's Motion to Dismiss, and denied Petitioner's Writ of Habeas Corpus with prejudice.  (Doc. No. 18.)  On November 14, 2013, Petitioner filed a Motion for Reconsideration, stating that he did not object to the operative R&R "because Petitioner believed that the Judge ruled in Petitioner's

favor when [Magistrate Judge Gallo] withdrew his report." (Doc. No. 20.)  On November 19, 2013, in the interest of fairness, the Court withdrew the prior order and granted Petitioner thirty days to file his objections to the R&R.  (Doc. No. 21.)  On January 21, 2014, Petitioner filed his Objections to the R&R.  (Doc. No. 24.)

## II.   LEGAL STANDARDS

### A.   Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) provide district judges' duties regarding a magistrate judge's R&Rs.  The district court judge should "make a de novo determination of those portions of the report to which the objection is made," and "may accept, reject, or modify in whole or in part, the finding or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

### B.   Habeas Corpus Relief

A federal court "shall entertain an application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).   "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]"  28 U.S.C. § 2254(b)(1)(A).  Rule 4 of the Rules Governing § 2254 Cases governs dismissal in habeas corpus cases. Rule 4, 28 U.S.C. foll. § 2254 advisory committee's note; *White v. Lewis*, 874 F.2d 599, 602–03 (1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir.1990).  "A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d 1083,

1085 (9th Cir.1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)).  A writ of habeas corpus is not available "for alleged error in the interpretation or application of state law." *Middleton*, 768 F.2d at 1085.  To withstand a dismissal, Petitioner must "state facts that point to a 'real possibility of constitutional error.' " *O'Bremski*, 915 F.2d at 420 (citation omitted).

## III.   DISCUSSION

Petitioner objects to Magistrate Judge Gallo's R&R on the same two grounds as his Petition: (1) the issuance of the CDC 128-A deprived Petitioner of his procedural due process rights; and (2) the conditions of Petitioner's confinement constitute cruel and unusual punishment.  Petitioner seeks to have the Court (1) order the CDC 128-A expunged from his C-File, (2) hold an evidentiary hearing on the violation, and (3) order the Board of Parole to conduct a new hearing.

Respondent argues that Petitioner failed to invoke federal habeas corpus jurisdiction for three reasons: (1) the CDC 128-A did not impact the fact or length of Petitioner's confinement; (2) the CDC 128-A's potential impact on the length of Petitioner's confinement does not invoke federal habeas jurisdiction; and (3) Petitioner's claims regarding the conditions of his confinement are not proper habeas claims.

### A.     Federal Habeas Corpus Jurisdiction

The Court agrees that Petitioner's claims fail to invoke federal habeas corpus jurisdiction.  Federal habeas relief is only available to a state prisoner if he is in custody in violation of the Constitution or laws or treaties of the United States. *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citing *Wilson v. Corcoran*, 131 S. Ct. 13, 15 (2010)).  A state prisoner must challenge the fact or length of his confinement to invoke federal habeas

jurisdiction. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

Petitioner has not challenged the fact of his confinement and a CDC 128-A does not impact the length of Petitioner's confinement. To impact the length of confinement, the report must result in a credit forfeiture. A CDC 128-A will not result in a credit forfeiture because it is not a "disciplinary action" for a "serious rule violation" in accordance with 15 C.C.R. § 3323.

Furthermore, a CDC 128-A's *potential* impact on the Board of Parole's future decision also fails to invoke federal habeas jurisdiction. *Spencer v. Kemna*, 523 U.S. 1, 13 (1998). While the Board of Parole considers *serious* prison misconduct as one of many factors in deciding a prisoner's eligibility for parole, 15 C.C.R. § 2204, there is only a remote possibility that the Board would deem Petitioner's challenged CDC 128-A to be sufficiently serious to form the basis of a parole denial. *See Docken v. Chase*, 393 F.3d 1024, 1028 (9th Cir. 2004) (*Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) ("[T]he likelihood of the effect on the overall length of the prisoner's sentence . . . determines the availability of habeas corpus."). In fact, Petitioner appeared before the Board of Parole eight months after the alleged incident and the record of that hearing does not refer to this incident. While the record does note that Petitioner has received a total of sixty-six Rules Violation Reports (including twenty-eight CDC 115's and thirty-eight CDC 128-A's), there is no indication that the April 6, 2012, CDC 128-A had any impact whatsoever on the Board's decision. The Board cited numerous reasons for denying Petitioner request for parole, including the risk of danger to society, the disturbing nature of Petitioner's commitment offense, his past record of violence, his poor decision-making skills, his poor conflict-resolution skills, superficial explanations of his involvement in his commitment

offense, and continued violent actions.  (Doc No. 14 at 106–14.)  The likelihood that the challenged CDC 128-A has impacted or will impact Petitioner's eligibility for parole is too speculative to confer federal habeas jurisdiction.

### B.    Procedural Due Process

Even if the Court were to reach Petitioner's due process claims, the result would be the same.  The due process clause requires only minimal protections in the context of parole. *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011).  The Constitution only requires that a prisoner is given access to his records before his parole hearing, afforded the opportunity to speak at the hearing and contest the evidence against him, and notified as to the reasons that parole was denied. *Id.* at 862.  Petitioner has not made any claim that he was denied any of these minimal protections.

Petitioner argues that the Board of Parole failed to satisfy the "some evidence" standard, a requirement under *state* law.  (Doc. No. 24 at 3–4.)  However, in 2011 the Supreme Court expressly rejected the notion that California's requirement that the Board of Parole support its decision with "some evidence" is a substantive *federal* requirement under a federal habeas analysis. *Id.*; *see also Nettles v. Hedgpeth*, 2013 WL 57859, at *1 (N.D. Cal. Jan. 2, 2013); *Currie v. Hill*, 2012 WL 5340930, at *1 (N.D. Cal. Oct. 25, 2012). "[I]t is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Swarthout*, 131 S. Ct. at 863.

### C.    Cruel or Unusual Punishment

Finally, Petitioner's claim that his confinement constitutes cruel or unusual punishment similarly fails to invoke federal habeas corpus jurisdiction.  Constitutional claims challenging the conditions of confinement are properly brought under 18 U.S.C. §

1983, rather than in a habeas petition. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Gray v. Beard*, 12-CV-1911-H RBB, 2013 WL 4782821, at *3 (S.D. Cal. Sept. 6, 2013). Only extreme conditions depriving prisoners of "the minimal civilized measure of life's necessities" will rise to the level of an Eighth Amendment claim that may be brought in a habeas petition. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Petitioner's complaints about the lighting and temperature of his cell are not so extreme to give rise to an Eighth Amendment violation, thus they may not be considered in a habeas petition. This is particularly true because none of Petitioner's other claims remain. *See Wilson*, 501 U.S. at 304 ("*Some* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets."). Therefore, Petitioner's claim regarding the conditions of his confinement is not properly brought in this action.

### D.   Certificate of Appealability

When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S.322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v.*

*McDaniel*, 529 U.S. 473, 474 (2000).  In the instant case, the Court finds that reasonable jurists could not debate whether the petition should have been resolved differently.

## IV.   CONCLUSION

For the reasons set forth above, the Court: (1) OVERRULES Petitioner's Objections; (2) ADOPTS Magistrate Judge Gallo's well-reasoned R&R in its entirety; (3) DENIES Petitioner's Writ of Habeas Corpus in its entirety; and (4) DENIES issuing a certificate of appealability.  The Clerk of Court is instructed to close this case and enter judgment accordingly.

IT IS SO ORDERED.

**DATED:  April 11, 2014**

**Hon. Anthony J. Battaglia**

**U.S. District Judge**